UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          Civ Case #:
------------------------------------X
MARIA TSAMASIROS

                    Plaintiffs


                   -against-                    COMPLAINT

                                             JURY TRIAL DEMANDED

THE CITY OF NEW YORK,
P.O. RICKY POH,
P.O. KAREEM ROBINSON,
AND JOHN/JANE DOE OFFICERS OF
THE 68TH AND 73RD pcts AND NYPD
HIGHWAY PATROL UNIT, NAMES FICTITIOUS,
TRUE NAMES UNKNOWN INTENDING TO BE
OFFICERS ON THE DATE AND TIME ALLEGED

                    Defendants.

------------------------------------X
S I R S:

          Plaintiff, by her attorney, MICHAEL B. PALILLO,

ESQ., complaining of the Defendants herein, alleges upon

information and belief, as follows:

## **NATURE OF THE CLAIM**

          1.   That this is an action for money damages to

redress deprivation by Defendants of the rights secured to the

Plaintiff under the Constitution and Laws of the United States

of America and under the guise of New York Law.

          2.   The Plaintiff base this action upon her illegal

seizure by various members of the New York City Police

Department on the 21rd day of May 2022. This Court is

authorized to grant the Plaintiff the relief under 42 U.S.C.

1983 and 1988.

## JURISDICTION

3.    Jurisdiction in this matter is invoked in accordance with 28 U.S.C. 1331 and 28 U.S.C.

## VENUE

4.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1391 (b) as all of the events and omissions giving rise to Plaintiff's claims occurred in Kings County in the Eastern District of New York, the actual place of employment of all the individual police officers.

## THE PARTIES

5.    That at all times herein mentioned the Plaintiff resided at 226 Beach 134th Street, Belle Harbor, N.Y. 11694.

6.    That at all times mentioned herein, THE CITY OF NEW YORK, hereinafter after referred to as the  "CITY" was and continues to be a municipal corporation existing and organized by virtue of the Laws of the State of New York.

7.    At all times mentioned herein, THE NEW YORK CITY POLICE DEPARTMENT (hereinafter known as the "NYPD") was and still are a Department and/or agency of the "CITY" and operates under its supervision, management and control.

2

8.   That at all dates and times hereinafter mentioned Defendant "CITY" by it's agents, servants and/or employees, operated, maintained and controlled the "NYPD" and employed and controlled all of it's "NYPD" police officers.

9.   Upon information and belief, that at all dates and times hereinafter mentioned Defendants P.O. Ricky Poh, P.O. Kareem Robinson, "JOHN DOES" and "JANE DOES" were employed by the Defendant "CITY" and were assigned NYPD Units/Pct.s including but not limited to the NYPD Highway Patrol Unit (2) and/or the 68th Pct., and/or the 73rd Pct.,  County of Kings, State of New York.

10.   That at all dates and times hereinafter mentioned the Defendants P.O. Ricky Poh, P.O. Kareem Robinson "JOHN DOES" and "JANE DOES" acted within the scope of their employment for the Defendant "CITY."

11.   That at all dates and times hereinafter mentioned, Defendants, "JOHN DOES" and "JANE DOES" names fictitious, true names unknown but intended to be NYPD Officers at the time and place of this occurrence who were employees of the "CITY" and were assigned NYPD Units/Pct.,s including but not limited to the NYPD Highway Patrol Unit (2) and/or the 68th Pct., and/or the 73rd Pct., County of Kings, State of New York.

3

12.   That at all dates and times hereinafter mentioned the Defendants "JOHN DOE/JANE DOE" acted within the scope of his/her employment for the Defendant "CITY."

13.   That a Notice of Claim on behalf of Plaintiff was duly presented to the defendant "CITY" care of the Comptroller of the City of New York on the 26th day of July 2022 which were within ninety (90) days of the cause of action accruing herein.

14.   That the "CITY" has demanded a hearing for the Plaintiff pursuant to §50-H of the General Municipal Law, and a hearing was held on  September 7, 2022.

15.   The claim of Plaintiff has been presented for adjustment/payment and no adjustment or payment has been held.

16.   This action has been brought within one year and ninety (90) days of the happening of the event complained of.

## FACTUAL BACKGROUND

17.   Plaintiff repeats, reiterates and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

18.   That on May 21, 2022 at approximately 12:45 A.M. at and about the corner of 4th Avenue and 94th Street, County of Kings, State of New York the Plaintiff was driving a 2015 Ford Explorer Bearing NY license plate number BOUZOUKI.

4

19. That at the aforementioned date, time and location the Plaintiff was pulled over by PO Ricky Poh of the NYPD Highway Patrol Unit 2 for excessively tinted front drivers' side window, front passengers' side window, rear driver side window and rear passengers side windows.

20. The Plaintiff was not the owner of the vehicle.

21. When speaking to the Plaintiff PO Poh stated that he smelled alcohol.

22. That Plaintiff advised PO Poh that the two passengers in the vehicle had been drinking heavily and that is why he smelled alcohol.

23. The Plaintiff also advised PO Poh that because they were drinking heavily, and she was the designated driver.

24. PO Poh stated to the Plaintiff that she was going to to be taken for a Breathalyzer.

25. The Plaintiff was arrested at 1:02 A.M., placed in handcuffs and driven to the Barclay Center.

26. A 20 minute observation start time was 1:35 A.M.

27. The Plaintiff was administered a Breadth Analysis Test by technician PO Ricky Poh.

28. The Plaintiff blew below the legal limit of .08. A copy of the Police Department City of New York, Highway District Intoxicated Driver Testing Unit, New York State Evidential

5

Breadth Analysis Test dated May 21, 2022 is annexed as Exhibit "A."

29. In spite of passing the Breadth Analysis Test the Plaintiff was required to perform a "Field Sobriety Test."

30.  The Plaintiff passed the field sobriety test.

31.  In spite of passing the Breadth Analysis Test and in spite of passing the field sobriety test, the Plaintiff's was told she was going to be charged.

32. P.O. Kareen Robinson was the arresting officer.

33.  The Plaintiff was interviewed, photographed, fingerprinted, placed in a holding cell, taken to the 78th Pct., taken to central booking, placed in a holding cell and then arraigned before the Hon. Archana Rao and charged with:

VTL 1121(1)
OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL OR DRUGS

VTL 1192(3)
OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL OR DRUGS.

34.  P.O. Kareem Robinson swore under oath that he observed Maria Tsamasiro driving a 2015 Explore New York State license plate No. Bouxouki that appeared to have excessively tinted front driver's side window, front passengers' side window, rear driver's side window and rear passengers' side window.

6

35. P.O. Kareen Robinson also swore under oath that he observed the Maria Tsamasiros exhibiting signs of intoxication, to wit red watery eyes and odor of alcoholic beverages on breath. A copy of the Criminal Court Complaint is annexed as Exhibit "B."

36. The Plaintiff was released without bail. Judge Arachana Rao directed that the Plaintiff's license was not to be suspended. A copy of the minutes of the arraignment are annexed as Exhibit "C."

37. Upon information and belief, the Plaintiff was held in custody for approximately twenty (20) hours.

38. That the NYS Dept. of Motor Vehicle did suspend the Plaintiff's driving privileges. A copy of the suspension notice is annexed as Exhibit "D."

39. That on May 23, 2022, the Plaintiff attend a screening for alcohol and/or other substance abuse before Randi D. Schneider, LCSW. The Plaintiff was required to pay the sum of $125.00 for this screening. A copy of the paid receipt is annexed as Exhibit "E."

40. The Plaintiff was required to retain an attorney to represent her in the Criminal proceeding.

41. That on June 10, 2022, ADA Ashley C. Infante of the Kings County District Attorneys office notified Plaintiff's

7

Criminal Attorney via e-mail that the District Attorneys Office would be moving to dismiss the case due to insufficient evidence to prosecute. A copy of this email is annexed as Exhibit "F."

42. That on June 27, 2022, the Plaintiff appeared in the Criminal Court Kings County and the charges against her were dismissed and the record sealed.

43. A copy of the certificate of disposition is annexed as Exhibit "G."

44. In the manner aforesaid, each of the Defendants, jointly and severally, acted maliciously, willfully and wantonly, and outside the scope of their jurisdiction, although under color of law, violated the following rights of the Plaintiff:

A) To be free from unreasonable search and seizure;

B) To be free from search and seizure without probable cause;

C) To be free from unlawful detainment and false arrest;

D) To be free from assault and battery;

E) To be free from negligence in the performance of police duties;

F) To be free from summary punishment without trial;

G) Due process of law.

8

45. All of these rights are secured to the Plaintiff by the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and by 42 U.S.C. Sections 1983 and 1988, and by the Statutes and Laws of the State of New York which is invoked under the jurisdiction of this Court.

46. That solely by reason of all the foregoing, the Plaintiff has suffered damage and injury.

## AS AND FOR A FIRST CAUSE OF ACTION

47. Plaintiff repeats, reiterates and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

48. On May 21, 2022, the Plaintiff was intentionally detained by the Defendants.

49. In detaining the Plaintiff, the Defendants were acting under color of State of Law, within the purview of 41 U.S.C. 1983, and within the scope of their employment with the "NYPD."

50. The Plaintiff did not resist her arrest, detention, imprisonment or confinement.

51. The Plaintiff was aware of her detention, imprisonment, arrest and confinement.

52. The Plaintiff did not consent to being detained,

9

imprisoned, arrested and confined.

53. The Plaintiff's detention, imprisonment, arrest and confinement was not privileged and Plaintiff was detained and arrested without probable cause that she committed any crime.

54. As a result of Plaintiff's illegal detention, the Defendants lacked reasonable suspicion, probable cause, or any other valid legal reason to effectuate the arrest and detention of the Plaintiff, and this detention and arrest and the actions of the Defendants amounted to an unlawful imprisonment, detainment, and arrest.

55. As a result of the foregoing the Plaintiff's Fourth and Fourteenth Amendment and rights under the Statutes and Laws of the State of New York were violated, which is invoked under the jurisdiction of this Court.

56. As a proximate result of Defendants intentional and malicious actions, the Plaintiff was greatly humiliated, suffered injury to her reputation, caused her to incur a charge of $125.00 for alcohol screening, caused to her retain an attorney at the cost of $2,500.00 and has suffered great mental anguish  causing damages in an amount to be determined  at trial, and punitive damages and attorneys' fees.

10

57. That solely by reason of all the foregoing, the Plaintiff has suffered damages and injuries in a sum to be determined at the time of trial.

## AS AND FOR A SECOND CAUSE OF ACTION

58. Plaintiff repeats, reiterates and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

59. Upon information and belief that at the aforesaid dated, time and place, the Plaintiff was assaulted and subject to a battery, had hands placed on her by the Defendants herein, without the consent of the Plaintiffs.

60. That Plaintiff in no way instigated, caused or contributed to the complained of conduct.

61. That as a result of the assault and battery the Plaintiff suffered, her health was impaired, she was caused to have hands placed on her by the Defendants, suffered great physical and mental distress and humiliation, her reputation and character were injured and they were embarrassed.

62. That solely by reason of all the foregoing, the Plaintiff has suffered damages and injuries in a sum to be determined at the time of trial.

11

## AS AND FOR A THIRD CAUSE OF ACTION

63. Plaintiff repeats, reiterates and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

64. That at all dates and times hereinafter mentioned the Defendants, their agents, servants and/or employees were charged with the duty to perform their job functions in a reasonably safe manner.

65. That at all dates and times hereinafter mentioned the Defendants, CITY OF NEW YORK, NEW YORK instructed and educated their Police Officers, in how to perform their job functions.

66. That at all dates and times hereinafter mentioned the Defendants did not perform their job duties in a reasonable safe manner.

67. That at all dates and times hereinafter mentioned the Defendants CITY OF NEW YORK their agent's servants and/or employees, including but not limited to P.O. RICKY POH, P.O. KAREEM ROBINSON, AND JOHN/JANE DOE OFFICERS OF the 68th AND 73RD PCTs/COMMAND AND NYPD HIGHWAY PATROL UNIT, NAMES FICTITIOUS, TRUE NAMES UNKNOWN INTENDING TO BE OFFICERS ON THE DATE AND TIME ALLEGED were negligent, careless and reckless in the performance of their job duties.

12

68.    That solely by reason of the foregoing the Plaintiff has suffered damage and injury in a sum to be determined upon the trial of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION

69. Plaintiff repeats, reiterates and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

70.    That the Defendants intentionally and for the purpose of causing severe physical and mental distress conducted themselves toward the Plaintiff in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

71. That the Defendants recklessly conducted themselves toward the Plaintiff in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

72. That solely by reason of all the foregoing, the Plaintiff has suffered damages and injuries in a sum to be determined at the time of trial.

## AS AND FOR A FIFTH CAUSE OF ACTION

73.    Plaintiff repeats, reiterates and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

74. That the Defendants did not take any steps to prevent the assault, battery, detainment, search, seizure, unlawful/false arrest and unlawful imprisonment of the Plaintiff.

75. The Defendant unreasonably seized the person of Plaintiff, subjected her to degrading and humiliating searches of her body without a valid authority, detained, falsely imprisoned and arrested her, all without their consent or probable cause.

76. That at all times mentioned herein, each of the Defendants had the power and duty to restrain the other Defendants and prevent them from violating the law and rights of the Plaintiffs but that each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants, and thereby became party to the injuries inflicted upon the Plaintiffs.

77. That solely by reason of all the foregoing, the Plaintiff has suffered damages and injuries in a sum to be determined at the time of trial.

## AS AND FOR A SIXTH CAUSE OF ACTION

78. Plaintiff repeats, reiterates and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

14

79. That as a result of Plaintiff's false arrest the was caused to pay $125.00 for an Alcohol and/or other substance screening.

80. As a result of the foregoing the Plaintiff has been damaged in the sum of $125.00.

### AS AND FOR A SEVENTH CAUSE OF ACTION

81. Plaintiff repeats, reiterates and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

82. That as a result of Plaintiff's false arrest the Plaintiff was caused to retain an attorney in the Criminal Court proceeding.

83. That as a result of the foregoing the Plaintiff was caused to incur the sum of $2,500.00 in legal fees.

84. That as result of the foregoing, the Plaintiff has ben damaged in the sum of $2,500.00

**WHEREFORE,** Plaintiff demand judgment against the Defendants as follows:

> a) On the first, second, third and fourth causes of action for compensatory damages against all Defendants in a sum to be determined at trial but in no event less than ONE MILLION DOLLARS ($1,000,000.00);

15

b) On the fifth cause of action for
exemplary and punitive damages in
a sum to be determined at trial
but in no event less than TWO
MILLION FIVE HUNDRED THOUSAND
DOLLARS ($2,500,000.00);

c) On the sixth cause of action
the $125.00 paid for alcohol screening;

d) On the seventh cause of action the $2,500.00
incurred to retain an attorney to represent
the Plaintiff in the Criminal Court
proceeding;

e) For attorneys fees pursuant to 43 U.S.C.
1988 against all Defendants; and

f) Together with the costs and
disbursements of this action, and
for such other and further relief
as to this Court deems just proper
and equitable.

Dated: New York, New York
September 20, 2022


MICHAEL B. PALILLO (MP 0044)
MICHAEL B. PALILLO, P.C.
Attorney for Plaintiffs
277 Broadway, Suite 501
New York, NY 10007
(212)608-8959

16

# EXHIBIT A

0.702 / under          lo/# 2022-l8-002550

# POLICE DEPARTMENT
# CITY OF NEW YORK          K22l021141-2

Highway District Intoxicated Driver Testing Unit

New York State Evidential Breath Analysis Test          BAC. 052

CMI Intoxilyzer 9000 - Alcohol Analyzer

Serial #: 90-002042     Case Number: 2042-22-2276

Date: 05/21/2022

**SUBJECT'S NAME:** TSAMASIROS, MARIA K
**SUBJECT'S DOB:** ▓▓▓▓▓▓▓▓▓
   **LICENSE #:** ▓▓▓▓▓▓▓          **AGE:** ▓▓
   **GENDER:** F          **STATE OF ISSUE:** ▓▓▓

**TECHNICIAN:** POH, RICKY, PO, 08595, 961110
**PERMIT #:** 47697
   **AGENCY:** NYPD HIGHWAY PATROL UNIT          **EXPIRATION DATE:** 05/03/2023

**ARRESTING OFFICER:** ROBINSON, KAREEM, PO, 5587, 964732, 41▓
   **AGENCY:** NYPD
**PRECINCT OF ARREST:** 068          **PATROL BOROUGH OF ARREST:** BK

   DATE OF ARREST: 05/21/2022   **COMMERCIAL MOTOR VEHICLE:** No
        ARREST TIME: 01:02          **UNDER 21 YRS OLD:** No
20 MIN OBSERVATION START TIME: 01:35          **CRASH INVOLVED:** No
                    **INJURY:** No
           **CHILD UNDER 16 IN VEHICLE:** No

| Test | %BAC | Time |
|------|------|------|
| Air Blank | 0.000 | 01:55:25 |
| Diagnostics | Passed | 01:55:29 |
| Air Blank | 0.000 | 01:56:06 |
| Calibration Check | 0.098 | 01:56:33 |
| Air Blank | 0.000 | 01:57:13 |
| Subject Sample | 0.052 | 01:58:08 |
| Air Blank | 0.000 | 01:58:50 |
| Calibration Check | 0.096 | 01:59:16 |
| Air Blank | 0.000 | 01:59:56 |
| Diagnostics | Passed | 02:00:00 |
| Air Blank | 0.000 | 02:00:37 |

## ETHANOL STANDARD INFORMATION
     LOT #: 22030          EXPIRATION DATE: 07/24/2022
SIMULATOR SERIAL #: MP4526

I the undersigned, hereby certify that the foregoing report is a true, accurate, and complete record, made as part of
and in the regular course of the New York City Police Department's business activity, at, or near, the date and time th
test was made, and that the above test was performed by me. False statements made herein are punishable as a clas
"A" misdemeanor pursuant to section 210.45 of the New York State Penal Law.

TECHNICIANS SIGNATURE/LINE & NO



08595

EXHIBIT "A"

# EXHIBIT B

CR-014072-22KN



CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR COUNTY OF KINGS

THE PEOPLE OF THE STATE OF NEW YORK

STATE OF NEW YORK
COUNTY OF KINGS

V

MARIA TSAMASIROS

POLICE OFFICER KAREEM ROBINSON SHIELD NO.05587, OF HIGHWAY 2 SAYS THAT ON OR ABOUT MAY 21,2022 AT APPROXIMATELY 12:45 AM AT THE CORNER OF 4TH AVE & 94TH ST COUNTY OF KINGS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

VTL 1192(1)           OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE
                      OF ALCOHOL OR DRUGS
VTL 1192(3)           OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE
                      OF ALCOHOL OR DRUGS

IN THAT THE DEFENDANT DID:

OPERATE A MOTOR VEHICLE WHILE SUCH PERSON'S ABILITY WAS IMPAIRED BY THE CONSUMPTION OF ALCOHOL; OPERATE A MOTOR VEHICLE WHILE IN AN INTOXICATED CONDITION.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

THE DEPONENT STATES THAT, AT THE ABOVE TIME AND PLACE, THE DEPONENT OBSERVED THE DEFENDANT DRIVING A 2015 FORD EXPLORER NEW YORK STATE LICENSE NO. BOUZOUKI THAT APPEARED TO HAVE EXCESSIVELY TINTED FRONT DRIVER'S SIDE WINDOW, FRONT PASSENGER SIDE WINDOW, REAR DRIVER'S SIDE WINDOW, AND REAR PASSENGER SIDE WINDOW.

DEPONENT FURTHER STATES THAT AT THE APPROXIMATE ABOVE TIME AND PLACE, DEPONENT OBSERVED THE DEFENDANT EXHIBITING SIGNS OF INTOXICATION; TO WIT, RED WATERY EYES, AND ODOR OF ALCOHOLIC BEVERAGE ON BREATH.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

5/21/22
DATE                      SIGNATURE

EXHIBIT "B"

# EXHIBIT C

1

```
 1   CRIMINAL COURT OF THE CITY OF NEW YORK
     COUNTY OF KINGS:              PART APAR3
 2   ----------------------------------------------x
     THE PEOPLE OF THE STATE OF NEW YORK,
 3
 4        -against-                      Docket No:
                                         CR-014072-22KN
 5                                       Arraignment
 6   MARIA TSAMASIROS
 7                       Defendant.
 8   ----------------------------------------------x
 9                    120 Schermerhorn Street
                      Brooklyn, New York 11201
10                    May 21, 2022
11
12   B E F O R E:        THE HONORABLE ARCHANA RAO,
                         CRIMINAL COURT JUDGE
13
14   A P P E A R A N C E S:
15   FOR THE PEOPLE:
16                       ERIC GONZALEZ, ESQ.
                         District Attorney, Kings County
17                       350 Jay Street
                         Brooklyn, New York 11201
18
                         BY: JILL DAVIS, ESQ.
19                       Assistant District Attorney
20
     FOR THE DEFENDANT:
21
                         BROOKLYN DEFENDER SERVICE,
22                       177 Livingston Street
                         Brooklyn, New York 11201
23
                         BY: JOAN HOWELL, ESQ.
24
                                    DAVINA W FLOOD
25                                  Official Court Reporter
```

EXHIBIT "C"

1           COURT OFFICER:  Docket ending 072, Maria
2   Tsamasiros.  The defendant is charged with VTL1192,
3   operating vehicle while under the influence of alcohol
4   or drugs.

5           MS. HOWELL:  Brooklyn Defender Services by
6   Joan Howell, appearing on behalf of Ms. Tsamasiros.

7           COURT OFFICER:  Counsel, do you waive the
8   reading of the rights and charges, but not the rights
9   thereunder?

10          MS. HOWELL:  So waive.

11          MS. DAVIS:  250.20, 255, serving and filing
12  710.31(a), CTA and then IDU paperwork will be provided
13  post arraignment.

14          People are consenting to release.
15  Requesting  a license suspension and screening.  That's
16  all.

17          THE COURT:  And you did provide the written
18  verified blood alcohol results?

19          MS. NEEDLE:  Yes.  Your Honor.

20          THE COURT:  And based upon that and the
21  reasonable cause provided by your complaint, it's my
22  intention to suspend your client's privilege to drive,
23  pending prosecution.

24          Is there anything of relevance you'd like to
25  say regarding the issue?

1          MS. HOWELL:  Yes, Your Honor.

2          For starters, I would like to put emphasis

3  on the fact that none of the allegations in the

4  complaint speak to recklessness.

5          Your Honor has discretion to suspend my

6  client's license.  It is not an automatic suspension

7  because my client blew below the legal limit of point

8  zero eight.  The paperwork says point zero five two, if

9  I'm not mistaking.

10          Additionally, Your Honor.  The allegations

11  here specifically speak to my client being stopped for

12  excessive tinting.

13          Nothing in the allegations speaks to

14  recklessness, which would be required in order for it to

15  be an automatic suspension here.

16          So, I ask that Your Honor consider not

17  suspending my client's license in this case.

18          In addition, my client works full-time as a

19  Safety Director for a plumbing company and she needs her

20  driving privileges to remain intact in order to travel

21  to and from work.

22          So essentially Your Honor, by you suspending

23  my client's license; you would be preventing her from

24  persuing her employment.

25          THE COURT:  People?

1       MS. NEEDLE:  In this case, the officer's did
2   observe a odor of alcohol coming from the defendant's
3   breath.

4       They did observe that the defendant had
5   watery eyes.  The defendant stated in sum and substance,
6   I had two glasses of wine.

7       MS. HOWELL:  Your Honor, can I be heard on
8   that point?

9       THE COURT:  Yes.

10      MS. HOWELL:  In terms of my client stating
11  that she had two glasses of wine, it is not illegal for
12  a person to drive after having two glasses of wine; as
13  long as it's not over the legal limit.

14      Nothing in the allegations again, despite
15  the normal different kinds of intoxication of red watery
16  eyes.

17      No allegations speak to recklessness, and
18  that's what's required in order for there to be an
19  automatic suspension here.

20      There was no allegation of my client being
21  involved in a accident.  There's no allegation of my
22  client hitting anyone.  There's no allegation of
23  recklessness whatsoever.

24      Again, Your Honor I ask that you use your
25  discretion and not suspend my client's license in this

1    case.

2              THE COURT:  Anything further?

3              MS. DAVIS:  No.  Your Honor.

4              MS. HOWELL: .No.  Your Honor.

5              THE COURT:  I'll note that your client has

6    blown below the limit, which is a point zero five two.

7    There are no allegations of recklessness.  It is not a

8    mandatory suspension, pending prosecution and in light

9    of the fact that she did not blow below a point zero

10   eight.

11            Confirming what Counsel stated, this was not

12   a stop based upon any traffic moving violation or any

13   allegations of recklessness.  In light of this, I will

14   not suspend her license at this time.

15

16           (Continued on the next page to allow room

17   for the Certificate page.)

18

19

20

21

22

23

24

25

1                    MS. HOWELL:  Thank you, Your Honor.

2                    THE COURT:  It's going to DWI.  June 27th?

3                    MS. HOWELL:  Yes, please.

4                    THE COURT:  I ordered screening.  Adjourned

5       to DWI, June 27th on for COC.  She's released, ROR.

6       Thank you.

7

8                    This is certified to be a true and accurate

9       transcript of the stenographic notes.

10

11                    DAVINA W. FLOOD

12                    Official Court Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25

**EXHIBIT D**

State of New York DEPARTMENT OF MOTOR VEHICLES Empire State Plaza, Albany, New York 12228
**ABSTRACT OF DRIVING RECORD**

Document # LWEB0743
PRINT DATE: 6/28/2022 TIME: 12:00:92 OPERATOR: WEB OFFICE: DAB

TSAMASIKOS,MARIA,K
226 BEACH 134 ST
BELLE HARBOR, NY 11694

CLIENT ID#: 207676978
DOB: ████████ SEX:
HEIGHT: 5-4 EYE COLOR: BROWN
COUNTY: QUEE
MI #: 149050 30191 736828-90

NAME ON LICENSE/ID: TSAMASIKOS
MARIA,KATHERINE
RESTRICTIONS: CORRECTIVE LENSES

LICENSE CLASS: *D*

STATUS:SUSPENDED    EXPIRATION: 09/17/2027

SUSP/REV SUMMARY: TOTAL    1 (SCOFFS  0  ON  0 DATES) JUDGEMENT $  0

*******************    ACTIVITY    ********************
CLASS CHANGE: 05/10/2007    NEW *D*    OLD 7 PERMIT
CLASS CHANGE: 09/17/2008    NEW *D*    OLD 5 DJ*
ACCIDENT PREVENTION COURSE COMPLETED ON: 03/18/2020
POINT REDUCTION ELIGIBLE FOR VIOLATIONS OCCURRING FROM    09/14/2018 - 03/14/2020
N/A - NON 05-A DRIVER OR COURSE PRIOR TO 01/31/97
********************    SUSPENSIONS/REVOCATIONS    ********************
SUSPENSION: 05/27/2022 REND PROS-CV-BAC    ORDER #: A2205270000

*** END OF RECORD ***

This is to certify that this document is a true and complete copy of an electronic record on file in the New York State Department of Motor Vehicles, Albany, New York. This record was made in regular course of New York State Department of Motor Vehicles daily business. It is the business of the New York State Department of Motor Vehicles to create and maintain the records of drivers in the state of New York. Entries in this document are made at the time the recorded transactions or events took place or within a reasonable time thereafter. The person who reports the information is under a business duty to do so accurately.

ABB-3 (01/19)

**Exhibit "D"**

*Mark J.F. Schreder*

COMMISSIONER OF MOTOR VEHICLES

NYS DMV - LENS CUSTOMER # 88368
NOTIFICATION REPORT
FOR BAY RIDGE MECHANICAL

WORK OF 06/29/2022
PRINTED 06/30/2022
PAGE  0001

---

DRIVER 207676978 TSAMASIROS,MARIA,K
 ADDED: 07/07/2015
LIC STATUS:>VALID
CDL STATUS:>NONE
19A STATUS: NOT APPLICABLE
LIC CLASS : *D*

   F NY INDEX

LIC PRIVILEGE: FULL
CDL PRIVILEGE: NONE

EXPIRATION: 09/17/2027

---

NYS DMV - LENS CUSTOMER # 88368
NOTIFICATION SUMMARY REPORT
FOR BAY RIDGE MECHANICAL

WORK OF 06/29/2022
PRINTED 06/30/2022
PAGE  0001

THERESA
BAY RIDGE MECHANICAL
612 79TH STREET
BROOKLYN        NY  11209

NUMBER OF NOTIFICATIONS              1  @  $1.00  =         $1.00

LAST NOTIFICATION SENT              06/10/2022

# EXHIBIT E

# Randi D. Schneider, LCSW

53 Eighth Avenue
Brooklyn, New York 11217

The Offices @ Water Street
PO Box 2774
Sag Harbor, New York 11963

Phone:   917 • 696 • 2766
Fax:   631 • 899 • 2535
randischneiderLCSW@gmail.com

Patient Name: Maria Tsamasiros

DOB:   09.17.90

Diagnosis:

| Date of Service | Service Provided | Fee |
|---|---|---|
| 5/23/22 | SCREENING for Alcohol and Other Substance Abuse | $125. |
| | | |
| | | |
| | paid in full check #, cash | |
| | | |
| | **TOTAL:** | $125 |

Randi D. Schneider, LCSW
NY State Licensed Clinical Social Worker # R 025337 – 1
Date: 5.23.22

**Exhibit "E"**

**EXHIBIT F**

**From:** INFANTE, ASHLEY
**To:** Michael B. Palillo
**Subject:** RE: TSAMASIROS, MARIA CR-014072-22KN
**Date:** Friday, June 10, 2022 3:48:23 PM

Per our conversation, we will be moving to dismiss this case due to insufficient evidence to prosecute.

If you have any questions, please feel free to contact me at any time.

Best,
Ashley C. Infante

**From:** Michael B. Palillo <mpalillo@palillolaw.com>
**Sent:** Friday, June 10, 2022 3:47 PM
**To:** INFANTE, ASHLEY <INFANTEA@BrooklynDA.org>
**Subject:** RE: TSAMASIROS, MARIA CR-014072-22KN

Thank you

**From:** INFANTE, ASHLEY <INFANTEA@BrooklynDA.org>
**Sent:** Friday, June 10, 2022 3:37 PM
**To:** Michael B. Palillo <mpalillo@palillolaw.com>
**Subject:** TSAMASIROS, MARIA CR-014072-22KN

Good afternoon,

I just to make sure that you had my contact information. I have an update regarding the case and will give you a call shortly.

Best,
**Ashley C. Infante**
Assistant District Attorney
Kings County District Attorney's Office | Trial Bureau II – Blue Zone
350 Jay Street 11th Floor, Brooklyn, NY 11201
Email: infantea@brooklynda.org | Phone: 718-250-3168

This email communication and any files transmitted with it contain privileged and confidential information from the Kings County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.
This email communication and any files transmitted with it contain privileged and confidential information from the Kings County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended

EXHIBIT " F"

recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

# EXHIBIT G

Certificate 1 Disposition.FF

Page 1 of 1



# KINGS CRIMINAL COURT
120 Schermerhorn St , Brooklyn, NY 11201
Phone (646) 386-3400 Fax (718) 643-7713

# FEE
Non-Public
Version

Court ORI NY030131

| The People of the State of New York<br>vs<br>**Maria K. Tsumasirov** | **Certificate of Disposition** | |
|---|---|---|
| | Docket Number | CR-014072-22KN |
| | CJTN | 0699554327 |
| | NYSID | 15563104P |
| Defendant DOB | Arrest Date 05/21/2022 | Arraignment Date 05/21/2022 |

THIS IS TO CERTIFY that the undersigned has examined the files of the Kings Criminal Court concerning the above entitled matter and finds the following

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | V.T.L. 1192.03 U M DWI- 1st Offense **SEALED 160.50** | UM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 06 27 2022 |
| 2 | V.T.L. 1192.01 U DWAI Alcohol **SEALED 160.50** | 1 | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 06 27 2022 |

Charge Weight Key  I Infraction  V  Violation  UM  BV  Class Misdemeanor,  UM  Unclassified Misdemeanor,  AI , BF, CF  DF,  Class Felony

Dated    **June 27, 2022**

Chief Clerk/Clerk of the Court

## CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221 05, PL 221 10, PL 221 15, PL 221 20, PL 221 35 or PL 221 40   including any appearing on this certificate of disposition are vacated, dismissed, sealed, and expunged  It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction adversely against an individual in any form of application or otherwise - unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about whether in any form of application or otherwise or to act upon adversely to the individual involved  any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of a criminal action or proceeding in favor of such individual as defined in subdivision two of section 160 50 of the criminal procedure law or by an order adjourning the criminal action in contemplation of dismissal pursuant to section 170 55  170 56  210 46, 210 47, or 215 10 of the criminal procedure law or by a youthful offender adjudication as defined in subdivision one of section 720 35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160 55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160 58 of the criminal procedure law  An individual required or requested to provide information including volunteer positions, or providing of credit or insurance to such individual  provided  further  that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160 50 of the criminal procedure law or or by an order adjourning the criminal action in contemplation of dismissal pursuant to section 170 55 or 170 56  210 46, 210 47 or 215 10 of the criminal prosecution  law  or by  an order adjourning the criminal action  defined in subdivision one of section 720 35 of the criminal procedure law  or by a conviction for a violation sealed pursuant to section 160 55 or for a youthful offender adjudication  or by  a conviction which is sealed pursuant to section 160 58 of the criminal procedure law  or by a conviction which is sealed pursuant to section 160 58 or 160 59 of the criminal procedure law  An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation  or disposition of such arrest or criminal accusation did not occur  The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns  firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivision two of section 1 20 of the criminal procedure law, provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any fire and rescue agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720 35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160 55 of the criminal procedure law  or by a conviction which is sealed pursuant to section 160 58 or 160 59 of the criminal procedure law  For purposes of this subdivision  an action which has been adjourned in contemplation of dismissal, pursuant to section 170 55 or 170 56  210 46, 210 47 or 215 10 of the criminal procedure law  shall not be considered a pending action  unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution  [Executive Law 296(16)]

Charges may not be the same as the original arrest charges

CPL 160 50     All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency

# EXHIBIT "G"

**EXHIBIT H**

# PALILLOLAW
BROADWAY CHAMBERS BUILDING

# MICHAEL B. PALILLO P.C.

277 BROADWAY SUITE 501
NEW W YORK NEW YORK 10007

P 212.608.8959
F 212.608-0304

May 24, 2022

MICHAEL B. PALILLO ESQ.
Pedro Duran Esq.

mpalillo@palillolaw.com
pduran@palillolaw.com
paralegal/calendar
yvazquez@palillolaw.com
office manager
marianne@palillolaw.com

Ms. Maria K. Tsamasiros
226 Beach 134th Street
Belle Harbor, NY 11694

----------------------------------------------------------------

RE: People v. Tsamasiros

Retainer                                              $2,500.00

KINDLY REMIT

EXHIBIT "H"

MICHAEL B. PALILLO, an attorney duly admitted to practice law in the Courts of the State of New York affirms the following under penalties of perjury:

1.   I am the attorney for the Plaintiff in the above captioned matter.  I have read the foregoing COMPLAINT  and know the contents thereof; the same is true to my knowledge, except as to matters herein stated to be alleged upon information and belief, and as to those matters I believe to be true based on a review of the files maintained in this office and conversations had with the Plaintiff.  The reason why this verification is made by the undersigned attorney rather than the Plaintiff, is that the Plaintiff does not reside in the County wherein I maintain my office for the practice of law.

Dated: New York, New York
        September 20, 2022

Michael B. Palillo Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIA TSAMASIROS,

              Plaintiff,

    -against-

THE CITY OF NEW YORK,
P.O. RICKY POH, P.O. KAREEM ROBINSON,
AND JOHN/JANE DOE OFFICERS OF THE
68TH AND 73RD PCTS AND NYPD HIGHWAY PATROL UNIT,
NAMES FICTITIOUS, TRUE NAMES UNKNOWN INTENDING
TO BE OFFICERS ON THE DATE AND TIME ALLEGED,

              Defendants.

## SUMMONS & VERIFIED COMPLAINT

### Michael B. Palillo P.C.

*Attorneys for Plaintiff*
*MARIA TSAMASIROS*
*Office and Post Office Address*:
**277 Broadway, Suite 501**
**New York, NY 10007**
**(212) 608-8959**
(212) 608-0304 Fax (Not for Service)
mpalillo@palillolaw.com
(Not for Service)

Signature (Rule 130-1.1-a)

MICHAEL B. PALILLO, ESQ.